# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYAN C. THOMPSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-18-2186 |
| MAJOR FRIDAY,<br>OFFICER PORTER,<br>OFFICER CURRY,<br>OFFICER DORSEY,<br>OFFICER SMITH,<br>OFFICER DYER,<br>OFFICER BARRETT, | *<br><br><br>*<br><br>*<br><br>* | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Defendants Major Friday, Officer Dyer, and Officer Barrett move to dismiss the above-entitled civil rights action concerning self-represented plaintiff Bryan Thompson's claim that he was subjected to excessive force while he was a pre-trial detainee at Baltimore City Detention Center. ECF 16. Thompson has not filed an opposition response, but filed a timely motion for extension of time in which to do so. ECF 20. For the reasons stated below, Defendants' motion shall be denied without prejudice; Thompson's motion shall be granted; and the Clerk shall make further attempts to serve the remaining defendants (Officers Porter, Curry, Dorsey, and Smith) following receipt of further information from Thompson.

## Background

In his complaint, Thompson states that on May 19, 2017, correctional officers were called to the housing unit where he was detained at BCDC in response to an "incident" in which Thompson was not involved. ECF 1 at p. 3. The responding officers issued a direct order to all of the inmates present to return to their bunks. *Id.* As Thompson turned and began walking to his

bunk, Officer Porter rushed toward him tackling Thompson to the floor where he began punching Thompson in the face. *Id*. Thompson states that then "several officers joined in on the assault." *Id*. During the assault Thompson was "kicked, punched, and stomped upon until [he] was unrecognizable." *Id*. Although Thompson was issued an institutional disciplinary charge for assaulting staff following the incident, the charges were dismissed prior to an adjustment hearing. *Id*. He concludes that he was transferred to an "ultra-max prison[1] the same day this incident took place." *Id*.

## Defendants' Motion

Defendants Friday, Dyer, and Barrett assert that the complaint is subject to dismissal as to any claims against them because the complaint does not contain any allegation of wrong-doing against them. ECF 16 at pp. 2-3. Rather, they are simply listed in the caption of the complaint and are not mentioned again in Thompson's allegations. *Id*. In addition, defendant Friday asserts that to the extent the complaint implies he is liable as a supervisor present on the day of the alleged assault, the complaint fails because it is based only on a theory of liability (respondeat superior) that is inapplicable for complaints filed pursuant to 42 U.S.C. § 1983. *Id*. at pp. 3-4.

Defendants also assert that the complaint fails to allege facts sufficient to support a constitutional claim. ECF 16 at pp. 4-5. They claim that "[c]ruel and unusual punishment in the context of a prison disturbance requires conduct that involves 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id*. at p. 5, quoting *Moore v. Winebrenner*, 927 F.2d 1312, 1315 (4th Cir. 1991). They conclude that the complaint does not "demonstrate that Friday, Dyer and Barrett acted obdurately and wantonly in the disturbance at the Annex" inasmuch as the complaint describes no actions by these defendants against Thompson. ECF 16 at p. 6.

---

[1] Initially, Thompson was transferred to North Branch Correctional Institution, but is now housed at Jessup Correctional Institution. *See* ECF 22.

With regard to Thompson's claim that he was transferred to an "ultra max prison" on the day of the incident, defendants assert he has no protected liberty interest in remaining in one place of confinement over another and any due process claim regarding his transfer fails. ECF 16 at p. 6.

**Standard for a Motion to Dismiss for Failure to State a Claim**

In considering the sufficiency of a complaint in light of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**Analysis**

The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." __ U.S. __, 135 S. Ct. 2466, 2473 (2015). It is enough that a pretrial detainee show that the "force purposely or knowingly used against him was objectively unreasonable," *id.*, regardless of an officer's state of mind, *id.* at 2472 (cited in *Dilworth v. Adams,* 841 F.3d 246, 255 (4th Cir. 2016)). Pursuant to *Kingsley,* this Court must consider whether under the "facts and circumstances" of this particular case, and from the "perspective of a reasonable officer on the scene," the force used against Thompson was objectively excessive. *Kingsley* at 2473. Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether or not the force used

4

was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. at 38.

The complaint allegations, taken as true, establish a colorable claim that Thompson was subjected to an amount of force exceeding the need for maintaining discipline. Thompson states he was punched, kicked, and stomped upon until he was unrecognizable. Further, his immediate transfer out of the facility where the incident occurred and his subsequent assignment to segregated confinement, *see* ECF 21 (motion for extension of time citing segregation housing as cause), severely inhibited his ability to accurately identify or describe the officers participating in the alleged assault. While the complaint does not provide enough information regarding Thompson's claims against each named defendant, there is no allegation before this court indicating there was a "disturbance" serious enough to warrant such a use of force, or that the defendants named were not in fact involved. Dismissal of the complaint at this stage of the litigation is unwarranted.

Thompson's motion for extension of time shall be granted as set forth in the accompanying order; he will be provided the additional time to provide details to assist in serving the remaining defendants. Further, counsel for the served defendants shall be directed to provide Thompson with copies of any written reports, serious incident reports, or investigation reports concerning the incident occurring on May 19, 2017, to assist him in identifying the proper defendants. Upon receipt of Thompson's response clarifying his allegations and identifying the proper defendants, service will again be directed.

A separate order follows.

Dated this 6th day of May, 2019 .

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge